# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

--------------------------------------------------------------- x

WELLS FARGO BANK, N.A., AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-IQ12,

Plaintiff,

-against-

LICHTER GATEWAY IV LLC, CLAIRE LICHTER, individually and in her capacity as Executrix of the ESTATE OF ALFRED LICHTER, JOSEPH SCHWARTZ, SUZETTE SCHWARTZ, THE ALFRED LICHTER 2000 FAMILY TRUST, and GATEWAY CONCOURSE ASSOCIATION, INC.,

Defendants.

--------------------------------------------------------------- x

Civil Action No. 2:17-cv-02036-KM-MAH

**JOINT DISCOVERY PLAN**

Conference Date:
September 25, 2017 at 2:00 p.m.

Plaintiff Wells Fargo Bank, N.A., as Trustee For Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12 (“Plaintiff”), acting by and through C-III Asset Management LLC (f/k/a ARCap Servicing, Inc.) and Defendants Lichter Gateway IV, LLC, (“Lichter Gateway” or “Borrower”), Claire Lichter, individually and in her capacity as Executrix of the Estate of Alfred Lichter, Joseph Schwartz, Suzette Schwartz, the Alfred Lichter 2000 Family Trust (collectively, “Lichter Defendants”), and Gateway Concourse Association ,Inc. (“the Concourse Association” or together with Borrower, hereinafter collectively referred to as “Defendants” and together with Plaintiff, the “Parties,” singularly, a “Party”), by and through their respective undersigned counsel, jointly submit this Rule 26(f) report (the “Report”) in advance of the September 25, 2017 scheduling conference, having met and conferred telephonically and by e-mail:

1. Brief Statement of the Facts and Legal Issues:

This action seeks both (1) foreclosure of a $61 million commercial loan, and (2) damages for breach of a guaranty.

**Background Regarding Loan and Loan Documents**

Plaintiff is the current holder of the $61,000,000.00 loan at issue in this action (the "Loan") by virtue of the assignment of the Loan to Plaintiff by LaSalle Bank National Association ("Original Lender"). Borrower is the owner of the commercial property, known as Gateway IV, located at 100 Mulberry Street, New Jersey 07102 (the "Mortgaged Premises"). The Mortgaged Premises was pledged as collateral for a $61,000,000.00 promissory note dated October 24, 2006 (the "Note") that was assumed by the Borrower on January 3, 2011. In connection with Borrower's assumption of the Note, Alfred Lichter ("Alfred"), Claire Lichter ("Claire"),[1] Joseph Schwartz ("Joseph"), Suzette Schwartz ("Suzette") and The Alfred Lichter 2000 Family Trust ("Lichter Trust," and together with Claire, Joseph, and Suzette, collectively, the "Guarantors") executed a Guaranty, dated January 3, 2011, for the benefit of the Plaintiff in order to secure the transfer and assumption of the Note.

**Plaintiff's Claim for Foreclosure of the Mortgage**

Plaintiff has alleged that Borrower is in default of its obligations to Plaintiff under the Note and Mortgage based on, among other things, Borrower's failure to pay all amounts to Plaintiff required under the Loan Documents on November 1, 2016 (the "Maturity Date"). Plaintiff has alleged that this constitutes an Event of Default as defined under the Loan Documents. Accordingly, Plaintiff declared the Loan in default in accordance with the terms of the Loan Documents. As Plaintiff alleges in the Complaint, to date, Borrower has failed to pay the indebtedness due under the Loan Documents, and Borrower remains in default.

---

[1] After signing the Guaranty, Alfred passed away, and thus Claire is named both in her individual capacity and in her capacity as the Executrix of the Estate of Alfred Lichter (the "Estate", and together with the Borrower, Claire, Joseph, Suzette, and the Lichter Trust, are collectively referred to herein as the "Lichter Defendants").

As of March 28, 2017, the date of the filing of the Complaint, Plaintiff alleges there is due, owing, and payable to Plaintiff the following indebtedness under the Loan Documents: (i) $56,959,629.12 in principal; (ii) accrued and unpaid interest at the contract and default rates; (iii) late charges; (iv) attorneys' fees, costs and expenses associated with the default under the Loan Documents, including costs of this action; and (v) all other sums provided for under the Loan Documents.

**Plaintiff's Claim for Breach of the Guaranty**

In addition, the Mortgaged Premises (Gateway IV) shares a concourse and walkways with other buildings in the Gateway Center. To facilitate the maintenance of such common areas, the owners of the various buildings in the Gateway Center (including Borrower, who owns Gateway IV) entered into an Amended and Restated Grant and Agreement, which established the Concourse Association. Pursuant to the Concourse Agreement, the Concourse Association is responsible for maintaining the common areas, subject to the terms of the Concourse Agreement, and charges assessments to the owners, including Borrower, for such maintenance costs. The Lichter Defendants take the position that the Concourse Association has failed to perform necessary maintenance and repairs, resulting in disrepair and, in turn, Lichter's withholding of certain, further payments to the Concourse Association. Plaintiff has alleged that beginning in December 2012, Borrower voluntarily ceased to pay assessments due and owing to the Concourse Association. Plaintiff argues that borrower's failure to pay these assessments has resulted in three (3) separate liens being recorded against the Mortgaged Premises. Plaintiff claims that while voluntarily ceasing to pay the Concourse Assessments and permitting the Concourse Liens to be filed, Borrower submitted financial statements to Plaintiff which indicated that it was paying over $100,000 each year for "association fees," continued to include such

Case 2:17-cv-02036-KM-MAH Document 32-9 Filed 09/20/17 Page 4 of 10 PageID: 981

expenses in its budgets, and requested funding of such expenses from its cash management accounts. Plaintiff further alleges that Borrower has also permitted waste of the Mortgaged Premises to occur by virtue of the deteriorating conditions, including the broken escalators and revolving doors, and damaged relationships with tenants. Plaintiff asserts that Borrower' acts and omissions violate Section 11.22 of the Loan Agreement and trigger recourse liability against Guarantors under the Guaranty.

Plaintiff asserts that there can be no genuine dispute to the validity of the Loan Documents, the existence of the Events of Default, or Plaintiff's right to foreclosure. The Lichter Defendants have filed a motion to dismiss the sixth count of the complaint, Breach of Guaranty, arguing that the Concourse Liens do not trigger recourse liability under Section 11.22 of the Loan Agreement. Lichter Defendants maintain that only "voluntary liens" trigger full recourse under the Guaranty as a matter of law. The Lichter Defendants argue that the liens in question here were not "voluntary," but rather placed on the property by another defendant in this matter, the Concourse Association, without the Lichter Defendants' consent or permission. Therefore, Lichter Defendants assert that because the Concourse Association's liens are not "voluntary liens" as a matter of law, Plaintiff cannot state a breach of the Guaranty's voluntary lien-related recourse provision on this theory.

As Plaintiff argues in its opposition to the Lichter Defendants' partial motion to dismiss a portion of the sixth count, the Lichter Defendants' reading of the term "voluntary lien" is too narrow, and the issue of whether the Concourse Liens are "voluntary" is an issue of fact that cannot be resolved on a motion to dismiss. In any event, Plaintiff asserts that even assuming, *arguendo*, that the liens at issue were not voluntary, Plaintiff alleges that it is entitled to seek recourse liability against Defendants for: 1) actionable waste; 2) misappropriation,

misapplication and/or conversion of rent and money borrowed from Plaintiff; and 3) fraud and/or intentional misrepresentation in connection with the Loan. The Lichter Defendants have not yet answered the remaining allegations of the Complaint.

**Legal Issues**

The legal issues in this action include Plaintiff's alleged entitlement to foreclosure of the Mortgage and the Lichter Defendants' alleged liability, if any, under the Note and Guaranty.

2. Settlement Discussions to Date. Only preliminary settlement discussions have occurred. Plaintiff has requested that the Lichter Defendants make a settlement offer, but no such offer has been received to date.

3. Exchange of Initial Disclosures. On August 15, 2017, Plaintiff served the information required by Fed. R. Civ. P. 26 (a)(1). The Concourse Association served its initial disclosures on August 29, 2017. Lichter Defendants served their initial disclosures on September 13, 2017.

4. Description of discovery conducted other than the above disclosures. None.

5. Description of Motions the parties may seek to make prior to the competition of discovery. On May 5, 2017, Plaintiff filed a motion seeking the appointment of a receiver (the "Receiver Motion"). [Doc. 6]. In addition, the Lichter Defendants filed a motion to dismiss, in part, count six of the complaint on June 5, 2017 (the "Partial Dismissal Motion"). [Doc. 17]. Both motions are currently pending before the Court. At this time, the parties do not presently anticipate filing any further motions before the completion of discovery but reserve their right to do so. Due to the fact the Lichter Defendants have not yet filed a responsive pleading other than the motion for partial dismissal, still pending, Lichter Defendants' responsive pleading may give rise to additional motion practice. Upon resolution of the pending Partial Dismissal Motion,

Plaintiff expects to file a partial motion for summary judgment on its foreclosure claim. Plaintiff will likely move for summary judgment of its claim for breach of guaranty after discovery is completed.

6. The Parties Propose the Following:

Description of Discovery Needs.

(a) In addition to the Lichter Defendants' production of the documents and materials that are required to be produced pursuant to the proposed Order Appointing a Receiver, Plaintiff anticipates limited discovery regarding: 1) the liability of defendants Claire Lichter, Joseph Schwartz, Suzette Schwartz, and the Alfred Lichter 2000 Family Trust, under the Guaranty; 2) the litigation, between the Borrower and Concourse Association currently pending in the Superior Court of New Jersey, Law Division, bearing Docket No. L-1075-16; 3) the allegations raised by the Lichter Defendants' motion to dismiss, in part, the sixth count of the complaint; and 4) the allegations raised by the Lichter Defendants in their opposition to Plaintiff's motion for the appointment of a receiver.

(b) Lichter Defendants anticipate discovery regarding: (1) any and all allegations made by Wells Fargo in its Complaint, including allegations of waste, fraud, misrepresentations, the misapplications of rent, and the triggering of recourse-related provisions in the loan documents; (2) any and allegations made by Wells Fargo in its motion for the appointment of receiver; (3) any and all allegations made by the Concourse Association in its response to Wells Fargo's motion for the appointment of receiver; (4)

Case 2:17-cv-02036-KM-MAH Document 32 Filed 09/20/17 Page 7 of 10 PageID: 984

any and all allegations raised by Wells Fargo in its opposition to Lichter Defendants' motion to dismiss.

The Concourse Association under the current status of the pleadings, anticipates no discovery other than documents identified in the parties' initial disclosures.

(c) Necessity of Discovery Being Conducted in Phases. Plaintiff proposes that documents identified in initial disclosures shall be produced by the parties in possession of the documents by October 3, 2017. Lichter Defendants propose that documents shall be produced pursuant to properly served document requests, in accordance with Fed. R. Civ. P. 26 and Fed. R. Civ. P. 34. Plaintiff further proposes that other document discovery must be completed prior to conducting depositions, in order to ensure the parties have all necessary and material information required to adequately prepare for depositions.

(d) Number of Interrogatories by Each Party to Each Other Party. Interrogatories will be served in accordance with Fed. R. Civ. P. 33.

(e) Number of Depositions. The parties anticipate conducting three (3) depositions but reserve their right to conduct additional depositions. The Lichter Defendants' responsive pleading may create the need for additional depositions.

(f) Plaintiff's Expert Report. Plaintiff does not anticipate requiring an expert under the current state of the pleadings, but reserves the right to require an expert and/or a rebuttal expert.

(g) Defendants' Expert Report. Lichter Defendants may require expert evidence on a number of topics, including but not limited to commercial property management, maintenance, and repair; commercial property valuation; and damages.

Defendant Concourse Association does not anticipate offering any expert witnesses under the current state of the pleadings.

(h) Motion to Amend or to Add Parties. A motion to amend or to add parties must be filed in accordance with Fed. R. Civ. P. 15.

(i) Time to File Dispositive Motions. Dispositive motions are to be served within 30 days of completion of discovery, per Fed. R. Civ. P. 56, but may be filed earlier.

(j) Factual Discovery. Plaintiff proposes that factual discovery shall be completed by January 5, 2018. Lichter Defendants propose that factual discovery shall be completed by September 12, 2018.

(k) Expert Discovery. The parties do not anticipate requiring expert discovery at this time.

(l) Special Discovery Mechanism or Procedure Requested, including data preservation orders or protective orders. None, except Plaintiff is seeking the appointment of a receiver.

(m) Pretrial Conference. A pretrial conference will take place on ____.

(n) Trial by Jury or Non-Jury Trial. Plaintiff requests a non-jury trial.

(o) Trial Date. The trial date for this action shall be ____.

7. Anticipate discovery problems. None

8. Anticipate special discovery Needs. None

9. Arbitration or Mediation. The parties do not believe at this time that the case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise) or any other special procedure.

10. Bifurcation. Plaintiff believes that this case may be appropriate for bifurcation because it is Plaintiff's position that there can be no genuine dispute regarding the Lichter Defendants' default under the Loan Documents or Plaintiff's right to foreclose. Thus, Plaintiff believes that summary judgment may proceed quickly on the First Count, Second Count, Third Count, Fourth Count, and Fifth Count set forth in the Complaint, but that to the extent there are more legal and factual issues with respect to the Sixth Count, relating to breach of the Guaranty, the parties may wish to proceed with discovery relating to the Sixth Count prior to dispositive motions. However, Lichter Defendants' oppose bifurcation on the basis that Plaintiff's claims for foreclosure, receivership, damages and other remedies stem from the same underlying facts and complex, operative documents. Accordingly, the Lichter Defendants maintain that bifurcation would result in delay and inefficient piecemeal litigation that would prevent the Court from being fully informed on the issues.

11. Trial Conducted by Magistrate Judge. The parties do not consent to the trial being conducted by a Magistrate Judge.

[Signature page follows]

Dated: New York, New York
September 19, 2017

THOMPSON & KNIGHT LLP

By: /s/ Vivian M. Arias
Vivian M. Arias
900 Third Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 751-3001
Facsimile: (214) 999-9208
Email: vivian.arias@tklaw.com

*Attorneys for Plaintiff Wells Fargo Bank, N.A., as Trustee For Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12*

LOWENSTEIN SANDLER, PC

By: /s/ Michael T. G. Long
Michael T. G. Long
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Email: mlong@lowenstein.com

*Attorney for Defendants Lichter Gateway IV LLC, Claire Lichter, individually and in her capacity as Executrix of the Estate of Alfred Lichter, Joseph Schwartz, Suzette Schwartz, the Alfred Lichter 2000 Family Trust,*

KRAEMER BURNS, P.A.

By: /s/ David Lawrence Menzel
David Lawrence Menzel
675 Morris Avenue
Springfield, NJ 07081
Telephone: (973) 912-8700
Email: dmenzel@kraemerburns.com

*Attorney for Defendant Gateway Concourse Association , Inc.*