# EXHIBIT 4

**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: 973.597.2500

*Attorneys for Defendants Lichter Gateway IV LLC, Claire Lichter, Individually and In Her Capacity as Executrix of the Estate of Alfred Lichter, Joseph Schwartz, Suzette Schwartz, and The Alfred Lichter 2000 Family Trust*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-IQ12,<br><br>Plaintiff,<br><br>-against-<br><br>LICHTER GATEWAY IV LLC, CLAIRE LICHTER, individually and in her capacity as Executrix of the ESTATE OF ALFRED LICHTER, JOSEPH SCHWARTZ, SUZETTE SCHWARTZ, THE ALFRED LICHTER 2000 FAMILY TRUST, and GATEWAY CONCOURSE ASSOCIATION, INC.,<br><br>Defendants | Civil Action No. 2:17-cv-02036-KM-MAH<br><br>**LICHTER DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Civil Rules 26.1 and 36.1 of the United States District Court for the District of New Jersey, Defendants Lichter Gateway IV LLC ("Lichter Gateway"), Claire Lichter, individually and in her capacity as executrix of the estate of Alfred Lichter, Joseph Schwartz, Suzette Schwartz, and The Alfred

Lichter 2000 Family Trust (collectively, "Lichter Defendants"), by and through their attorneys, Lowenstein Sandler LLP, hereby respond and, where appropriate, object to Plaintiff Wells Fargo Bank, N.A.'s, as Trustee for Morgan Stanley Capital, Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12 ("Wells Fargo" or "Plaintiff") First Requests for Admission to Lichter Defendants (the "Requests for the Admission"), dated October 16, 2017, as follows:

## RESERVATION OF RIGHTS

Lichter Defendants provide the responses set forth herein without waiving, and specifically preserving, the following rights:

1. Lichter Defendants' right to object on any ground, including, without limitation, competency, relevancy, privilege, materiality and admissibility as evidence for any purpose, to the use of the instant responses, the documents produced herewith or the subject matters thereof, in whole or in part, for any purpose in any subsequent phase of this action or any other action;

2. Lichter Defendants' right to object on any and all grounds, at any time, to supplemental requests, or to any other discovery procedure that Plaintiff may seek to utilize in this action, involving or relating to the responses to these Requests for Admission; and

3. Lichter Defendants' right at any time to supplement its responses, objections or documents provided in response to these Requests for Admission.

## GENERAL OBJECTIONS

Lichter Defendants' specific objections to each request contained in these Requests for Admission are in addition to the Reservations of Rights above and General Objections set forth in this section. The Reservation of Rights and General Objections form a part of the response to each and every Request for Admission contained herein. Thus, the

absence of a reference to a General Objection in response to a specific Request for Admission should not be construed as a waiver of the General Objection to a specific request.

1. Lichter Defendants object to each and every Request for Admission to the extent to the extent it expressly or impliedly seeks documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or similar reason for non-production. Inadvertent disclosure of privileged or protected information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

2. Lichter Defendants objects to each and every Request for Admission to the extent it is unduly burdensome and overbroad. Lichter Defendants have endeavored to provide responses to each Request for Admission based upon a diligent search of corporate records for information and documents. Lichter Defendants note, however, that due to the passage of time, additional information may subsequently be discovered that could affect the responses made by Defendant herein.

3. In each and every Request for Admission or subpart thereof where Lichter Defendants interpose an objection, such objections shall be construed to preserve all of Lichter Defendants rights to enter similar objections in response to potential supplemental Requests for Admission. Moreover, a failure to object herein shall not constitute a waiver of Lichter Defendants' right to object to these Requests for Admission or any potential supplemental Requests for Admission.

4. In each and every Request for Admission or subpart thereof where Lichter Defendants interpose an objection, such objection shall be construed to apply to any other Request for Admission seeking the same or similar information.

5. Lichter Defendants' failure to object to a Request for Admission on a particular ground or grounds shall not be construed as any type of waiver of their right to object on any additional ground.

6. Lichter Defendants object to each and every Request for Admission to the extent that it seeks information unrelated to Plaintiff's Complaint and related allegations and causes of action.

7. To the extent Plaintiff incorporated in their First Set of Requests for Admissions the "Definitions" and "Instructions" from their First Set of Requests for Documents and their First Set of Interrogatories, Lichter Defendants incorporate all objections to those "Definitions" and "Instructions" from Lichter Defendants' Objections and Responses to Plaintiff's First Set of Requests for Documents and from Lichter Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories.

The specific responses to the Requests for Admission provided below are made subject to the above Reservation of Rights, as well as the General Objections.

## OBJECTIONS TO DEFINITIONS

**DEFINITION NO. 2**: "Borrower" means defendant Lichter Gateway IV LLC, a Delaware limited liability company and any of its current or former employees, agents, representatives, attorneys, members, accountants, and anyone else acting on behalf of Borrower, including, without limitation, Abraham B. Schwartz, Lichter & Lichter, L.P., Meridian Capital Group LLC, Steven Adler, Reuven Hellman, Heritage Capital Group, Heritage Newark Management Company, and Steven Greenberg.

> ***Objection*****:** Lichter Defendants object to this Definition because it appears to seek to treat the listed entities as either one entity or as related entities when, in fact, they are separate legal entities unrelated to one another. Lichter Defendants further object to this Definition as it seeks information from entities other than the named Lichter Defendants. Moreover, Lichter Defendants object as the Definition seeks information that is protected by certain privileges including, but not limited to, the attorney-client privilege.

**DEFINITION NO. 5**: "Defendants", "you," "your," and "yours," means individually and collectively, the Defendants to whom these requests are directed, and any of their current or former employees, agents, representatives, attorneys, members, accountants, and anyone else acting on behalf of Defendants, including, without limitation, Abraham B. Schwartz, Lichter &

Lichter, L.P., Meridian Capital Group LLC, Steven Adler, Reuven Hellman, Heritage Capital Group Heritage Newark Management Company, and Steven Greenberg.

> Lichter Defendants object to this Definition because it appears to seek to treat the listed entities as either one entity or as related entities when, in fact, they are separate legal entities unrelated to one another. Lichter Defendants further object to this Definition as it seeks information from entities other than the named Lichter Defendants. Moreover, Lichter Defendants object as the Definition seeks the production of documents that are protected by certain privileges including, but not limited to, the attorney-client privilege.

## RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that on October 24, 2006, Heritage Gateway, LLC ("Heritage"), Marine One Associates III, LLC ("Marine"), Ridgewood 2000 Associates III, LLC ("Ridgewood"), JPG Real Estate III, LLC ("JPG"), and Ivy Gateway, LLC ("Ivy" and together with Heritage, Marine, Ridgewood and JPG, collectively, the "Original Borrower") executed that certain Promissory Note (the "Note") evidencing a loan made by LaSalle Bank National Association ("Original Noteholder") to Original Borrower in the principal amount of $61,000,000.00.

**Response:** Lichter Defendants object on the grounds that they were not signatories to the "Note" among the collective, referenced parties comprising the "Original Borrower" as identified in this Request. The document speaks for itself.

**REQUEST FOR ADMISSION NO. 2:** Admit that a true and correct copy of the Note is attached as Exhibit A to the Complaint.

**Response:** See response to number 1.

**REQUEST FOR ADMISSION NO. 3:** Admit that on October 24, 2006, Original Borrower entered into that certain Loan Agreement (the "Loan Agreement"), with Original Lender.

**Response:** Lichter Defendants object on the grounds that they were not signatories to the "Loan Agreement" referenced in this Request. The document speaks for itself.

**REQUEST FOR ADMISSION NO. 4:** Admit that a true and correct copy of the Loan Agreement is attached to the Complaint as Exhibit B.

**Response:** See response to number 3.

**REQUEST FOR ADMISSION NO. 5:** Admit that Original Borrower executed that certain Mortgage and Security Agreement (the "Mortgage"), dated October 25, 2006, as mortgagor, in favor of Original Noteholder, as mortgagee, encumbering the real property and improvements known as and located at 100 Mulberry Street, Newark, New Jersey 07102, also known as Block 151, Lot 121, as shown on the Official Tax Map of the City of Newark in the County of Essex, State of New Jersey (as more particularly described in the Mortgage (as defined below), the "Mortgaged Premises").

**Response:** Lichter Defendants object on the grounds that they were not signatories to the "Mortgage" referenced in this Request. The document speaks for itself.

**REQUEST FOR ADMISSION NO. 6:** Admit that the Mortgage, having been first duly acknowledged, was recorded on October 30, 2006 with the Essex County Register, New Jersey (the "Clerk's Office") at Book 11600, page 868 as Instrument No. 6158038.

**Response:** See response to number 5.

**REQUEST FOR ADMISSION NO. 7:** Admit that a true and correct copy of the Mortgage is attached to the Complaint as Exhibit C.

**Response:** See response to number 5.

**REQUEST FOR ADMISSION NO. 8:** Admit that Original Borrower executed that certain Assignment of Leases and Rents (the "Assignment of Leases") dated as of October 25, 2006, in favor of Original Lender.

**Response:** Lichter Defendants object on the grounds that they were not signatories to the "Assignment of Leases" referenced in this Request. The document speaks for itself.

**REQUEST FOR ADMISSION NO. 9:** Admit that the Assignment of Leases was recorded with the Clerk's Office on October 30, 2006 at Book 11600, page 888 as Instrument No. 6158040.

**Response:** See response to number 8.

**REQUEST FOR ADMISSION NO. 10:** Admit that a true and correct copy of the Assignment of Leases is attached to the Complaint as Exhibit D.

**Response:** See response to number 8.

**REQUEST FOR ADMISSION NO. 11:** Admit that that certain UCC-1 Financing Statement (the "UCC"), was filed on January 6, 2011 with the Delaware Department of State as Filing No. 20110358922.

**Response:** Lichter Defendants object on the grounds that they were not signatories to the "UCC" referenced in this request. The document speaks for itself.

**REQUEST FOR ADMISSION NO. 12:** Admit that a true and correct copy of the UCC is attached to the Complaint as Exhibit E.

**Response:** Denied. The UCC is not attached to the Complaint as Exhibit E.

**REQUEST FOR ADMISSION NO. 13:** Admit that Original Noteholder assigned the Loan and the Original Loan Documents, including the Note and Mortgage, to Plaintiff.

**Response:** Lichter Defendants object on the grounds that the request as written is ambiguous as Plaintiff does not define "Original Loan Documents."

**REQUEST FOR ADMISSION NO. 14:** Admit that Plaintiff is the owner and holder of the Note, the Mortgage and each and all of the other Original Loan Documents.

**Response:** See response to number 13.

**REQUEST FOR ADMISSION NO. 15:** Admit that on or about June 12, 2009, Ivy transferred 24% of its initial 40% ownership interest in the Mortgaged Premises to Newark 300, LLC ("Newark Borrower") and Newark Borrower agreed to become jointly and severally liable as tenants-in-common with Original Borrower for the obligations of Original Borrower under the Original Loan Documents (the "Newark Borrower Assumption").

**Response:** See response to number 13.

**REQUEST FOR ADMISSION NO. 16:** Admit that Original Borrower, Original Guarantor and Newark Borrower executed and delivered to Plaintiff that certain Assumption Agreement dated September 16, 2009, which was properly recorded with the Clerk's Office on October 2,

2009, at Book 12220, Page 4691 as Instrument No. 9085615 (the "Newark Borrower Assumption Agreement").

**Response:** Lichter Defendants object on the grounds that the Request as written is ambiguous as Plaintiff does not define "Original Guarantor." Moreover, Lichter Defendants object on the grounds that they were not signatories to the "Newark Borrower Assumption" referenced in this Request. The document speaks for itself.

**REQUEST FOR ADMISSION NO. 17:** Admit that a true and correct copy of the Newark Borrower Assumption Agreement is attached to the Complaint as Exhibit I.

**Response:** See response to number 16.

**REQUEST FOR ADMISSION NO. 18:** Admit that on or about January 3, 2011, the Original Borrower and Newark Borrower transferred the Mortgaged Premises to Borrower.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 19:** Admit that Borrower, Alfred Lichter ("Alfred"), Claire Lichter ("Claire"), Joseph Schwartz ("Joseph"), and Suzette Schwartz ("Suzette"), and The Alfred Lichter 2000 Family Trust ("Lichter Trust" and together with Alfred, Claire, Joseph, and Suzette, the "Guarantor") assumed all obligations under the Loan Documents and released the Original Borrower and Original Guarantor from certain obligations pursuant to the Loan Documents, subject to the provisions set forth in the Borrower Assumption Agreement (defined below).

**Response:** Lichter Defendants object on the grounds that the request as written is ambiguous as Plaintiff does not define "Original Guarantor."

**REQUEST FOR ADMISSION NO. 20:** Admit that Plaintiff, Borrower, Newark Borrower, Original Borrower and Original Guarantor executed that certain Assumption and Release Agreement (the "Borrower Assumption Agreement"), dated January 3, 2011 and recorded with the Clerk's Office on January 10, 2011 at Book 12291, Page 5216, Instrument Number 11002811.

**Response:** See response to number 19.

**REQUEST FOR ADMISSION NO. 21:** Admit that a true and correct copy of the Borrower Assumption Agreement is attached to the Complaint as Exhibit J.

**Response:** Denied. The Borrower Assumption Agreement is not attached to the Complaint as Exhibit J.

**REQUEST FOR ADMISSION NO. 22:** Admit that Guarantor executed and delivered to Plaintiff that certain Guaranty (the "Guaranty"), dated January 3, 2011 by Guarantor for the benefit of Plaintiff.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 23:** Admit that a true and correct copy of the Guaranty attached to the Complaint as Exhibit K.

**Response:** Denied. The Guaranty is not attached to the Complaint as Exhibit K.

**REQUEST FOR ADMISSION NO. 24:** Admit that a UCC-1 Financing Statement ("Delaware UCC") was filed with the Delaware Department of State on January 6, 2011 at Filing No. 20110358922 and continued by that certain UCC-3 continuation filed on September 15, 2015 at Filing No. 2015461536.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 25:** Admit that true and correct copies of the Delaware UCC are attached to the Complaint as Exhibit L.

**Response:** Denied. The Delaware UCC is not attached to the Complaint as Exhibit L.

**REQUEST FOR ADMISSION NO. 26:** Admit that a UCC-1 Financing Statement ("County UCC") was recorded with the Clerk's Office on January 30, 2017 as Instrument No. 2017008503.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 27:** Admit that a true and correct copy of the County UCC is attached to the Complaint as Exhibit M.

**Response:** Denied. The County UCC is not attached to the Complaint as Exhibit M.

**REQUEST FOR ADMISSION NO. 28:** Admit that Borrower and Guarantor are the current obligors and under the Loan Documents.

**Response:** Lichter Defendants object on the grounds that the Request as written is incoherent. Moreover, Lichter Defendants object in that the parties composing "Guarantor" as defined herein are not listed as "obligors" in all of the documents that make up the "Loan Documents" as defined herein.

**REQUEST FOR ADMISSION NO. 29:** Admit that Borrower is in default of its obligations to Plaintiff under the Note and Mortgage.

**Response:** Lichter Defendants object on the grounds that this Request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 30:** Admit that Borrower failed to pay all amounts due under the terms of the Loan Documents (collectively, the "Indebtedness") on November 1, 2016 (the "Maturity Date").

**Response:** Lichter Defendants object on the grounds that this Request calls for a legal conclusion. Further, Lichter Defendants object in that the Request is ambiguous as written as Plaintiff has not defined "all amounts."

**REQUEST FOR ADMISSION NO. 31:** Admit that the Loan was not repaid on the Maturity Date.

**Response:** Lichter Defendants object on the grounds that the Request is ambiguous as written as Plaintiff has not defined "Loan" herein.

**REQUEST FOR ADMISSION NO. 32:** Admit that Borrower's failure to repay the Loan on the Maturity Date constitutes an Event of Default as defined under the Loan Documents.

**Response:** See response to number 31. Moreover, Lichter Defendants object on the grounds this Request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 33:** Admit that Plaintiff declared the Loan in default by that certain Notice of Maturity Default and Demand for Payment letter sent to Borrower and Guarantor on January 4, 2017 (the "Notice of Maturity Default").

**<u>Response</u>:** Lichter Defendants admit as to a letter dated January 4, 2017, titled "Notice of Maturity Default / Demand for Payment." The document speaks for itself.

**REQUEST FOR ADMISSION NO. 34:** Admit that Borrower received the Notice of Maturity Default.

**<u>Response</u>:** Admit.

**REQUEST FOR ADMISSION NO. 35:** Admit that a true and correct copy of the Notice of Maturity Default is attached to the Complaint as Exhibit N.

**<u>Response</u>:** Denied. The Notice of Maturity Default is not attached to the Complaint as Exhibit N.

**REQUEST FOR ADMISSION NO. 36:** Admit that Borrower failed to cure the Event of Default, despite demand under the Notice of Maturity Default.

**<u>Response</u>:** Lichter Defendants object on the grounds that the Request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 37:** Admit that Borrower has failed to pay the Indebtedness due under the Loan Documents, and Borrower remains in default.

**<u>Response</u>:** Lichter Defendants object on the grounds that the Request calls for a legal conclusion.

**REQUEST FOR ADMISSION NO. 38:** Admit that as of March 28, 2017, there is due, owing, and payable to Plaintiff the following Indebtedness under the Loan Documents: (i) $56,959,629.12 in principal; (ii) accrued and unpaid interest at the contract and default rates; (iii) late charges; (iv) attorneys' fees, costs and expenses associated with the default under the Loan Documents, including costs of this action; and (v) all other sums provided for under the Loan Documents.

**<u>Response</u>:** Admit, to the extent, however, that the referenced "attorney fees" under sub-section "iv" of the Request are identified as reasonable.

**REQUEST FOR ADMISSION NO. 39:** Admit that the Mortgaged Premises are part of the Gateway Center, and commonly referred to as Gateway IV.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 40:** Admit that the Mortgaged Premises shares a concourse and walkways with other buildings in the Gateway Center.

**Response:** Lichter Defendants object on the grounds that the request is ambiguous as the term "shares" is open to interpretation. Lichter Defendants note, however, that there are common areas that connect the buildings—Gateway I, Gateway II, and Gateway III, Gateway IV—for the benefit of the pedestrian and professionals who walk through them each day. Gateway III and Gateway IV are situated adjacently on Mulberry Street, and share a common entrance and concourse that includes exterior swinging and revolving doors into the building, a set of escalators to and from the first floor, walkways between the two buildings, and an expansive glass-enclosed atrium and ceiling. The inter-building walkway between Gateway III and Gateway IV proceeds into the walkway of Gateway II, which continues into a pedestrian skyway from Gateway II to Gateway I.

**REQUEST FOR ADMISSION NO. 41:** Admit that Borrower entered into that certain that certain Amended and Restated Grant and Agreement, dated as of December 21, 1999 and recorded with the Clerk's Office on December 27, 1999 at Deed Book 5664, Page 680 (the "Concourse Agreement").

**Response:** Lichter Defendants object on the grounds that the request as drafted is incoherent. Moreover, Lichter Defendants object because Lichter Gateway was not a signatory to the referenced agreement on December 21, 2009.

**REQUEST FOR ADMISSION NO. 42:** Admit that pursuant to the Concourse Agreement, Gateway Concourse Association, Inc. (the "Concourse Association") is responsible for maintaining the common areas.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 43:** Admit that pursuant to the Concourse Agreement, the Concourse Association charges assessments (the "Concourse Assessments") to Borrower.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 44:** Admit that in December 2012, Borrower voluntarily ceased payment of certain Concourse Assessments.

**Response:** Denied. Lichter Defendants note that in light of significant, unresolved deficiencies by the Concourse Association with respect to necessary maintenance and repair issues pertaining to the common concourse, it was necessary to withhold payment of Concourse Association dues until the Concourse Association performed the necessary repairs.

**REQUEST FOR ADMISSION NO. 45:** Admit that Borrower's failure to pay the Concourse Assessments is an Event of Default under the Concourse Agreement.

**Response:** Denied. See response to number 44.

**REQUEST FOR ADMISSION NO. 46:** Admit that Borrower's failure to pay the Concourse Assessments permits the Concourse Association to file liens against the Mortgaged Premises.

**Response:** Lichter Defendants object on the grounds that this request calls for a legal conclusion. Moreover, see response to number 44.

**REQUEST FOR ADMISSION NO. 47:** Admit that The Concourse Association filed the following liens (the "Concourse Liens") against Borrower and the Mortgaged Premises:

a. Notice of Assessment Lien from Concourse Association against the Mortgaged Premises for a lien in the amount of $103,510.56, recorded on July 19, 2013 in the Clerk's Office at Book 12446, Page 6425 as Instrument No. 13064539.

b. Notice of Assessment Lien from Concourse Association against the Mortgaged Premises for a lien in the amount of $262,152.87, recorded on June 10, 2015 in the Clerk's Office at Book 12558, Page 7040 as Instrument No. 15044326.

c. Notice of Assessment Lien from Concourse Association against the Mortgaged Premises for a lien in the amount of $340,191.32, recorded on March 16, 2016 in the Clerk's Office as Instrument No. 2016023085.

**Response:** Admit as to all sub-parts (i.e., "a." to "c.").

**REQUEST FOR ADMISSION NO. 48:** Admit that the Concourse Association has also commenced an action against Borrower in connection with the Concourse Liens that is currently pending in the Superior Court of New Jersey, Law Division, bearing Docket No. L-1075-15.

**Response:** Admit; however, with clarification that the referenced matter has been settled pursuant to the terms read into the record before the New Jersey Superior Court on October 25, 2017, and to a settlement agreement executed on November 1, 2017 (which has since been provided to Plaintiff's counsel).

**REQUEST FOR ADMISSION NO. 49:** Admit that in 2017, a tenant at the Mortgaged Premises declared an event of default against the Borrower under the terms of its lease.

**Response:** Admit; however, with clarification that in light of the settlement referenced in response no. 48, that certain tenant has withdrawn its notice of default.

**REQUEST FOR ADMISSION NO. 50:** Admit that Borrower has submitted to Plaintiff annual operating statements reflecting that the Borrower incurred annual operating expenses by paying "association fees" in the amounts of $111,093 in 2013, $113,904 in 2014, $113,904 in 2015, and $116,196 in 2016.

**Response:** Lichter Defendants object on the grounds that the Request as written is ambiguous as the term "incurred" is unclear and open to interpretation.

**REQUEST FOR ADMISSION NO. 51:** Admit that Borrower has failed or omitted to notify Plaintiff that Borrower was voluntarily withholding payment of the Concourse Assessments.

**Response:** Denied. As discussed and illustrated in Lichter Defendants' opposition papers to Plaintiff's receivership application, Wells Fargo and its servicer Berkadia were specifically informed about the repair and maintenance issues that necessitated the partial withholding of payment to the Concourse Association.

**REQUEST FOR ADMISSION NO. 52:** Admit that Borrower has provided budgets to Plaintiff showing the Concourse Assessments as budgeted costs and expenses associated with the Mortgaged Premises that the Borrower intended to pay.

**Response:** Denied. Lichter Defendants object on the grounds that the request as written is ambiguous as the term ". . . intended to pay" is undefined.

**REQUEST FOR ADMISSION NO. 53:** Admit that Borrower has requested the release of funds from Plaintiff to cover the budgeted costs of the Concourse Assessments.

**Response:** Denied.

**REQUEST FOR ADMISSION NO. 54:** Admit that Borrower has obtained the funds from Plaintiff for such budgeted costs.

**Response:** Denied.

**REQUEST FOR ADMISSION NO. 55:** Admit that Borrower has not used such funds to pay the Concourse Assessments.

**Response:** Denied.

Date: November 21, 2017

/s/ Michael T.G. Long
Michael T.G. Long
**LOWENSTEIN SANDLER LLP**
Attorneys At Law
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: 973.597.2500
Fax: 973.597.2400

*Attorneys for Defendants Lichter Gateway IV LLC, Claire Lichter, Individually and In Her Capacity as Executrix of The Estate Of Alfred Lichter, Joseph Schwartz, Suzette Schwartz, and The Alfred Lichter 2000 Family Trust.*

**Certificate of Service**

I certify that on November 21, 2017, I caused a copy of Lichter Defendants' Objections and Responses to Plaintiff's First Set of Requests for Admissions to be served via regular mail and e-mail on the following:

*Counsel for Plaintiff Wells Fargo*:

Vivian M. Arias
Thompson & Knight LLP
900 Third Avenue, 20th Floor
New York, NY 10022

Jack Doherty
Thompson & Knight LLP
900 Third Avenue, 20th Floor
New York, NY 10022

*Counsel for Gateway Concourse Association*:

David L. Menzel
Kraemer Burns, P.A.
675 Morris Avenue
Springfield, NJ 07081

/s/ Michael T.G. Long
Michael T.G. Long

Dated: November 21, 2017