**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

------------------------------------------------------------ x

WELLS FARGO BANK, N.A., AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-IQ12,

Plaintiff,

-against-

LICHTER GATEWAY IV LLC, CLAIRE LICHTER, individually and in her capacity as Executrix of the ESTATE OF ALFRED LICHTER, JOSEPH SCHWARTZ, SUZETTE SCHWARTZ, THE ALFRED LICHTER 2000 FAMILY TRUST, and GATEWAY CONCOURSE ASSOCIATION, INC.,

Defendants.

------------------------------------------------------------ x

Civil Action No. 2:17-cv-02036-KM-MAH

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER having been opened to the Court on the __ day of _________, 2018, by Thompson & Knight LLP, attorneys for Plaintiff[1] and upon consideration of Plaintiff's Motion for Summary Judgment against defendants Lichter Gateway IV LLC ("Lichter Gateway" or "Borrower"), Claire Lichter ("Claire"), individually and in her capacity as Executrix of the Estate of Alfred Lichter, Joseph Schwartz ("Joseph"), Suzette Schwartz ("Suzette"), The Alfred Lichter 2000 Family Trust ("The Family Trust", and together with Borrower, Claire, Joseph, and Suzette, the "Defendants") (the "Motion"), and the papers and arguments submitted in support of and in opposition to the Motion. Based on these papers and arguments, and for good cause shown,

[1] On June 14, 2018, the parties filed a Stipulation and Proposed Consent Order substituting Four Gateway Center Note Owner LLC ("Noteholder") into this action as the Plaintiff, in the place and stead of Wells Fargo Bank, N.A., as Trustee For Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-IQ12 ("Wells Fargo"), which is pending signature by the Court.

AND IT APPEARING that a Summons in a Civil Action and Complaint have been duly issued and returned served upon the Defendants, who filed an Answer.

AND IT FURTHER APPEARING that Plaintiff's Note and Mortgage and related Loan Documents have been presented and marked as Exhibits by the Court; and that proofs have been submitted of the amount due on Plaintiff's Note and Mortgage; and that there is presently due and owing to the Plaintiff under the Note and Mortgage more particularly described in the Complaint the aggregate sum of $60,266,874.78, being comprised of principal in the amount of $56,166,843.00, contract interest in the amount of $2,389,774.35 default interest in the amount of $4,632,445.26, and $417.00 in administrative fees; less $2,922,604.83 in escrows and reserves.

IT IS on this ____ day of ___________________, 2018, ORDERED and ADJUDICATED that Plaintiff's motion for Summary Judgment is herby GRANTED; it is further

ORDERED and ADJUDICATED that Plaintiff is entitled to the sum of: $60,266,844.78 as of June 15, 2018, together with interest computed thereafter on the total sum due Plaintiff at the continuing *per diem* rate of $19,099.4854 until the same be paid and satisfied, together with costs of this suit to be taxed in the sum of $252,060.24, all to be raised and paid in the first place out of the mortgaged premises, and with any deficiency to be paid by Defendants; and it is further

ORDERED and ADJUDICATED that Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale duly recover against said Defendant, Lichter Gateway, all parties holding by, through or claiming under said Defendant, possession of the premises and collateral mentioned and described in the said Complaint with the appurtenances thereon and that a Writ of Possession issue thereon; and it is further

ORDERED and ADJUDGED that the said mortgaged premises and any collateral be sold to raise and satisfy the several sums due in the first place, to the Plaintiff the sum of $60,266,844.78 as of June 15, 2018, together with interest thereafter to be computed as aforesaid, with Plaintiff's costs to be taxed, with lawful interest thereon, and that, for that purpose, an execution duly issue out of this Court, directed to the U.S. Marshal, commanding him or her to make sale, according to law, of the said mortgaged premises and out of the monies arising from the sale, that said Marshal pay in the first place to the Plaintiff said Plaintiff's debt, with interest thereon as aforesaid and said Plaintiff s costs of suit with interest thereon as aforesaid; and in case more money shall be realized by such sale than shall be necessary to satisfy such several payments as aforesaid that such surplus shall be brought into this Court and deposited with the Clerk to abide the further order of this Court and that the Marshal aforesaid make a report of the aforesaid sale without delay as required by the Rules of this Court; and it is further

ORDERED and ADJUDGED ORDERED and ADJUDGED that this judgment shall not affect the rights of any person protected by the New Jersey Tenant Anti-Eviction Act (N.J.S.A. 2A: 18-61.l, et seq.); and it is further

ORDERED and ADJUDGED that the Defendants in this cause, and each of them, stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to said mortgaged premises and any collateral described in the Complaint, when sold as aforesaid, by virtue of this judgment.

______________________________
HON. KEVIN McNULTY, U.S.D.J.